UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLUB GENE & GEORGETTI, L.P.,

        Plaintiff,

v

DAVID MOLL, an individual,

        Defendant.

_____/

Case No. _____

Hon. _____

Thomas M. Wardrop (P38268)
WARDROP & WARDROP, P.C.
Attorneys for Plaintiff
300 Ottawa Avenue, NW, Ste. 150
Grand Rapids, MI 49503
(616) 459-1225
mac@wardroplaw.com
_____/

### COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT, SPECIFIC PERFORMANCE, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESCRIPTION

Plaintiff Club Gene & Georgetti, L.P. (hereinafter "Georgetti's"), by and through their attorneys, Wardrop & Wardrop, P.C., and for their complaint against Defendant David Moll (hereinafter "Moll"), states and alleges as follows:

### CAUSE OF ACTION

1. This is an action by Plaintiff Georgetti's against Defendant Moll for, *inter alia*, Breach of Settlement Agreement, Specific Performance, Trademark Infringement, Unfair Competition and False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C. §§1114(1) (Trademark Infringement).

2.    Upon information and belief, Defendant David Moll is an individual living in the State of Michigan, has a place of business at 28 N. Elm St., Three Oaks, Michigan 49128, and is the sole shareholder of Giorgetti's, Inc.

3.    Plaintiff Georgetti's is a limited partnership organized under the laws of the State of Illinois and has a place of business at 500 N. Franklin St., Chicago, Illinois 60654.

4.    Defendant Moll operates a business and has advertised a business using the trademark and/or service mark of the Plaintiff, and the amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees.

5.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332 and 1338(a) and 15 U.S. C. §1121.

## JURISDICTION AND VENUE

6.    Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S. C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendant resides within the jurisdiction of this Court.

## BACKGROUND FACTS

7.    Since 1941, Georgetti's has been and is presently engaged in the restaurant business, under its federally registered service marks "**GEORGETTI**" (U.S. Reg. No. 1,992,410), "**GENE & GEORGETTI**" (U.S. Reg. No. 1,950,503) and "**CLUB**

2

**GENE & GEORGETTI**" (U.S. Reg. No. 1,948,304) (collectively hereinafter referred to as the "**GEORGETTI**" registrations) all for restaurant services (Exhibit 1).

8.      For seventy (70) years, Georgetti's restaurant has been one of the greater Chicagoland area's most famous Steakhouses and Italian eateries, serving the finest in steaks, chops, seafood and Italian specialties.  Georgetti's is well known and held in high regard throughout the greater Chicagoland area and nationwide, having won many prestigious awards and having been featured in numerous articles in major publications such as Crain's Chicago Business and the New York Times, and advertisements in American Airlines' on board/in flight magazine.  Legends like Frank Sinatra, Bob Hope and Lucille Ball, as well as modern day celebrities like Russell Crowe, Keanu Reeves, Vince Vaughn, and Will Ferrell, along with international, national and local politicians, have helped make Georgetti's restaurant a well-known Chicagoland institution.

9.      Georgetti's is the owner of the famous service mark "**GEORGETTI**", which has developed considerable goodwill and is well established and well regarded, and held in high repute by its customers, the trade and by the public throughout the nation, through extensive advertising and promotion of its services throughout the United States including in this judicial district, such that over the last seventy (70) years, the mark "**GEORGETTI**" has become associated in the minds of the purchasing public, companies and consumers nationwide and within this judicial district with Georgetti's alone.  For decades, Georgetti's has participated in restaurant trade shows across the country and has catered to consumers nationwide.

10.     Because of the extensive use and promotion of Georgetti's mark "**GEORGETTI**" for restaurant services, the relevant public has come to identify all such

services offered under the mark "**GEORGETTI**" as coming from Georgetti's alone. The goodwill and reputation associated with Georgetti's in connection with the famous mark "**GEORGETTI**" has an asset value to Georgetti's that is worth tens of millions of dollars or more.

11. Georgetti's has successfully policed its famous mark and federal registrations against other infringers in other states as well. Within the last five (5) years, Georgetti's reached settlement agreements with infringers in Michigan City, Indiana and Columbus, Ohio, who agreed to cease and desist from using the name "**GIORGETTI'S**" and "**GEORGETTI**" respectively in connection with restaurant services.

12. Upon information and belief, Defendant and others along with Defendant have unlawfully used and/or is unlawfully using the nearly identical, and phonetically equivalent term "GIORGETTI" for the same or similar services as those identified for Georgetti's mark "**GEORGETTI**" within this judicial district and elsewhere.

13. Georgetti's and Defendant have had repeated discussions and correspondence regarding Defendant's unauthorized use of the infringing name and mark "GIORGETTI". After months of negotiating, the parties reached a Settlement Agreement and a formal written Settlement Agreement (Exhibit 2) was fully executed, with an effective date as of June 23, 2011. However, upon information and belief, Defendant and/or Giorgetti's willfully, intentionally and in bad faith blatantly chose not to comply with the provisions of this Settlement Agreement.

14. As detailed in the Declaration of Richard Ciota attached hereto as Exhibit 3, the Settlement Agreement required Giorgetti's to case all use of mark "GIORGETTI'S" (except as a corporate name for legal or tax purposes so long as it is

4

not promoted, advertised or presented to the public in any commercial manner) by July 8, 2011. Giorgetti's has also failed to abide by and has breached the Settlement Agreement.

15. This Court has determined that Defendant Moll is the alter ego of Giorgetti's, Inc. – November 28, 2012 Order Adopting Report and Recommendation entered in *Club Gene & Georgetti, L.P., et al v Giorgetti's, Inc., et al*; Case No. 1:12-mc-00034-CJQ, United States District Court (Southern Division) – a copy of this Order is attached as Exhibit 4.

16. Upon information and belief, Defendant Moll willfully and in bad faith continues using the term "GIORGETTI" or some close derivation of this name for the same or similar services as those of Georgetti's and its mark "**GEORGETTI**" even after having had actual knowledge of Georgetti's and its federal registrations, and even after agreeing to cease and desist all service mark and trade name use of "GIORGETTI'S" pursuant to the Settlement Agreement.

### FIRST CLAIM
### BREACH OF SETTLEMENT AGREEMENT

17. Plaintiff hereby incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. The Plaintiff has performed all of its obligations under the Settlement Agreement.

19. Defendant Moll violated Settlement Agreement ¶4, requiring Giorgetti's to cease and desist by and after June 24, 2011 from any and all service mark, trade name and domain name use of the name and mark "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, and to remove any and all

5

service mark, trade name or domain name use of the mark "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, in connection with the provision of or promotion of its services, including from any brochures, business cards, stationery, signs, menus, business directories, governmental agency listings, domain names, internet websites, web pages, or other internet uses (including as or in a hyperlink, metatag or email address), or any other promotional or advertising material (hereinafter "Material"), and will not use, reproduce and/or distribute any such Material and will destroy the remainder of the same. This constitutes a first material breach of the Settlement Agreement.

20. Defendant Moll violated Settlement Agreement ¶5, requiring Giorgetti's to transfer ownership of the domain name "GIORGETTIS.COM" Georgetti's by and after June 24, 2011. Upon information and belief, no such transfer has been made. This constitutes a second material breach of the Settlement Agreement.

21. Defendant Moll violated Settlement Agreement ¶6, requiring Giorgetti's to change its name under which it is doing business by and after June 24, 2011 so as not to include the term "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof. This constitutes a third material breach of the Settlement Agreement.

22. Defendant Moll violated Settlement Agreement ¶7, requiring Giorgetti's to immediately cease and desist after July 8, 2011 from any and all permitted use of the name and mark "GIORGETTI" whatsoever, except for its permitted corporate name, including the use of the phrase *"formerly known as Giorgetti's Pizza"* or any approved comparable phrase, and will not use, reproduce and/or distribute any Material having

any such permitted use of the name and mark "GIORGETTI" and will destroy the remainder of the same; and to not use "Giorgetti's Pizza," alone or in combination with other terms, or any confusingly similar variation thereof, on any awning at any location, including its Three Oaks' location. This constitutes a fourth material breach of the Settlement Agreement.

23.     Defendant Moll's conduct as aforesaid further constitutes a willful and intentional breach of the Settlement Agreement.

24.     Defendant Moll's conduct as aforesaid has caused great and irreparable injury to Georgetti's, and unless such conduct is enjoined, it will continue, and Georgetti's will continue to suffer great and irreparable injury.

### SECOND CLAIM
### SPECIFIC PERFORMANCE AND AWARD OF ATTORNEY'S FEES, COSTS AND INTEREST

25.     Plaintiff hereby incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26.     Plaintiff has no adequate remedy at law.

27.     Pursuant to ¶10 of the Settlement Agreement, Defendant Moll understood and acknowledged that any breach in violation of the Settlement Agreement may cause Georgetti irreparable harm, the amount of which may be difficult to ascertain, and therefore Giorgetti agreed that Georgetti shall have the right to seek specific performance and/or an order restraining and enjoining any such further breach and for such other relief as Georgetti shall deem appropriate. Such right of Georgetti is to be in addition to the remedies otherwise available at law or in equity. Giorgetti expressly

waived the defense that a remedy in damages will be adequate, and any requirement in an action for specific performance or injunction for the posting of a bond by Georgetti.

28.    Pursuant to ¶11 of the Settlement Agreement, in the event a lawsuit is filed to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and interest.

29.    Defendant Moll is thus contractually entitled to specific performance and/or an order restraining and enjoining Giorgetti's actions constituting a breach of the Settlement Agreement, and for such other relief as Georgetti shall deem appropriate.

30.    Defendant Moll is also contractually entitled to an award of its reasonable attorney's fees, costs and interest.

### THIRD CLAIM
### TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32

31.    Plaintiff hereby incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32.    Defendant's breach of the settlement agreement comprise an infringement of Georgetti's registered trademark "Georgetti's" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Georgetti's goods, causing irreparable harm to Georgetti's for which there is no adequate remedy at law.

33.    By reason of the foregoing acts, Defendant Moll is liable to Georgetti's for Trademark Infringement under 15 U.S.C. §1114.

8

### FOURTH CLAIM
### UNFAIR COMPETITION UNDER LANHAM ACT §43

34.    Plaintiff hereby incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35.    Defendant Moll's breach of the settlement agreement and continued use of Plaintiff's mark to promote, market or sell its products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition pursuant to 15 U.S. C. §1125(a).   Defendant's use of Plaintiff's mark is likely to cause confusion, mistake and deception among consumers.   Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

### FIFTH CLAIM
### ENTRY OF JUDGMENT – PIERCING THE CORPORATE VEIL

36.    Plaintiff hereby incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37.    On November 28, 2012, this Court entered an Order that provided, *inter alia*, as follows:

> FINALLY, IT IS ORDERED that Georgetti's, Inc. is deemed the alter ego of David Moll, as it is a mere instrumentality to conduct David Moll's business.

38.    The Plaintiff is entitled to a judgment against David Moll consistent with the terms of the Judgment entered on January 30, 2012 in *Club Gene & Georgetti, L.P. v Giorgetti's, Inc. and David Moll*; U.S. District Court, Northern District of Illinois, Civil Action No. 11-C-6765.

9

WHEREFORE, Plaintiff Georgetti's, prays:

A.     That this Court preliminarily, permanently and final enjoin Defendant Moll from using the term "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof;

B.     That this Court award to Georgetti's such damages as Georgetti's has sustained in consequence of Defendant Moll's breach of the Settlement Agreement, including but not limited to Giorgetti's profits, and to account for all gains, profits and advantages derived by Giorgetti's and Defendant Moll therefrom, and to award appropriate exemplary damages so as to set an example that the willful acts of Giorgetti's cannot be condoned;

C.     That this Court issue an order requiring Defendant Moll and all those in privity or concert with him to deliver up for forfeiture, cancellation and/or destruction all labels, signs, packages, wrappers, articles, domain names, websites, metatags, and promotion and advertising materials of any kind in their possession or under their control bearing the term "GIORGETTI'S" or any confusingly similar variation thereof;

D.     That this Court award to Georgetti's all available remedies and damages for breach of the Settlement Agreement, including the remedies and damages explicitly provided for in the Settlement Agreement, which includes specific performance and reimbursement of Georgetti's reasonable attorney's fees, costs and interest; and

E.     That this Court grant all other relief as this Court may deem just and proper.

WARDROP & WARDROP, P.C.
Attorneys for Plaintiff

Date: March 18, 2014 By: _____
         Thomas M. Wardrop (P38268)
       Business Address:
         300 Ottawa N.W., Suite 150
         Grand Rapids, MI 49503
         (616) 459-1225

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

WARDROP & WARDROP, P.C.
Attorneys for Plaintiff

Date: March 18, 2014 By: _____
         Thomas M. Wardrop (P38268)
       Business Address:
         300 Ottawa N.W., Suite 150
         Grand Rapids, MI 49503
         (616) 459-1225

206201.121813.Complaint

Exhibit 1

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,992,410

## United States Patent and Trademark Office

Registered Aug. 13, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

## GEORGETTI

CLUB GENE & GEORGETTI LIMITED PART-
NERSHIP (PARTNERSHIP)
500 NORTH FRANKLIN
CHICAGO, IL 60610

  FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).

FIRST USE 6–15–1941; IN COMMERCE
6–15–1941.

  SER. NO. 74–560,346, FILED 8–12–1994.

ESTHER A. BORSUK, EXAMINING ATTOR-
NEY

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,950,503

**United States Patent and Trademark Office**  Registered Jan. 23, 1996

SERVICE MARK
PRINCIPAL REGISTER

## GENE & GEORGETTI

CLUB GENE & GEORGETTI LIMITED PART-
NERSHIPS (PARTNERSHIP)
500 NORTH FRANKLIN
CHICAGO, IL 60610

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).

FIRST USE 6-15-1941; IN COMMERCE
6-15-1941.

SER. NO. 74-560,347, FILED 8-12-1994.

ESTHER A. BORSUK, EXAMINING ATTOR-
NEY

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,948,304

## United States Patent and Trademark Office

Registered Jan. 16, 1996

### SERVICE MARK
### PRINCIPAL REGISTER



CLUB GENE & GEORGETTI LIMITED PART-
NERSHIP (PARTNERSHIP)
500 NORTH FRANKLIN
CHICAGO, IL 60610

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).
FIRST USE 6–15–1941; IN COMMERCE
6–15–1941.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CLUB", APART FROM THE
MARK AS SHOWN.

SER. NO. 74–560,662, FILED 8–12–1994.

ESTHER A. BORSUK, EXAMINING ATTOR-
NEY

Exhibit 2

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement"), by and between the parties Club Gene & Georgetti Limited Partnership ("Georgetti"), having a principal place of business at 500 North Franklin St., Chicago IL 60654, and Giorgetti's, Inc. (hereinafter "Giorgetti"), having a principal place of business at 28 North Elm Street, Three Oaks, MI 49128, hereby agree as follows:

WHEREAS, Georgetti is engaged in the business of providing restaurant services under its service mark and trade name "GEORGETTI," and formatives thereof, and alleges that such service marks have become well and favorably known throughout the United States for restaurant services, and are associated solely with Georgetti;

WHEREAS, Georgetti owns nationwide federal and common law rights in and to its service mark and trade name **"GEORGETTI"** and related marks, including the federally registered service marks **"GEORGETTI"** (U.S. Reg. No. 1,992,410), **"GENE & GEORGETTI"** (U.S. Reg. No. 1,950,503) and **"CLUB GENE & GEORGETTI"** (U.S. Reg. No. 1,948,304);

WHEREAS, through Georgetti's extensive use and promotion, the service mark and trade name "GEORGETTI" has attained substantial goodwill and is held in high repute with its customers, the trade and the public;

WHEREAS, Giorgetti has used the term "GIORGETTI," alone or with other terms or formatives thereof, including "GIORGETTI'S," "GIORGETTI'S PIZZA" and "GIORGETTIS.COM" in connection with providing restaurant services;

WHEREAS, by using the term "GIORGETTI" in connection with Giorgetti's restaurant services and the promotion thereof, Georgetti believes Giorgetti has infringed upon the service mark and trade name rights of Georgetti;

WHEREAS, Giorgetti denies any infringement;

WHEREAS, the parties wish to resolve and settle these matters amicably;

NOW THEREFORE, the parties hereby agree as follows:

1.    The foregoing recitals form an integral part of this Agreement and are incorporated herein by reference.

2.    Giorgetti has used the mark "GIORGETTI" alone or with other terms or formatives thereof, including "GIORGETTI'S PIZZA" and "GIORGETTIS.COM" in connection with providing restaurant services. Such use by Giorgetti began many years after Georgetti's first use and registration of its name and mark "GEORGETTI" and formatives thereof, including "GENE & GEORGETTI" and "CLUB GENE & GEORGETTI," and Giorgetti acknowledges that Georgetti has priority of right in and to its name and mark "GEORGETTI" and any confusingly similar formative and/or variation thereof.

3.    Giorgetti acknowledges that Georgetti owns valid and subsisting federal and common law trade name and service mark rights and registrations to the name and mark "GEORGETTI" and formatives thereof, including "GENE & GEORGETTI" and "CLUB GENE & GEORGETTI," either alone or with other terms, including U.S. Service mark Registrations for the marks "GEORGETTI" (U.S. Reg. No. 1,992,410), "GENE & GEORGETTI" (U.S. Reg. No. 1,950,503) and "CLUB GENE & GEORGETTI" (U.S. Reg. No. 1,948,304), all for restaurant services. Giorgetti agrees not to contest in any manner either now or in the future the validity of those rights or registrations.

4.    By and after June 24, 2011, except as provided for herein, Giorgetti will cease and desist from any and all service mark, trade name and domain name use of the name and mark "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, will remove any and all service mark, trade name or domain name use of the mark

2

"GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, in connection with the provision of or promotion of its services, including from any brochures, business cards, stationery, signs, menus, business directories, governmental agency listings, domain names, internet websites, web pages, or other internet uses (including as or in a hyperlink, metatag or email address), or any other promotional or advertising material (hereinafter "Material"), and will not use, reproduce and/or distribute any such Material and will destroy the remainder of the same.

5.      By and after June 24, 2011, except as provided for herein, Giorgetti will not use the mark "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, including as or as part of a universal resource locator, a web page title, an email address, and/or a metatag and will not promote on an internet website accessible via a universal resource locator, metatags, hyperlinks, or page titles comprising the term "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof, in conjunction with any restaurant services or any other services or goods which in any way is likely to mislead or otherwise confuse anyone into believing there is any service or source affiliation or connection between Georgetti and Giorgetti, or otherwise dilute or lessen the value of Georgetti's rights or registrations in and to its name and mark "GEORGETTI" and formatives thereof, including "GENE & GEORGETTI" and "CLUB GENE & GEORGETTI." By and after June 24, 2011, Giorgetti will cease and desist from any and all use of the domain name "GIORGETTIS.COM" and will transfer ownership of said domain name to Georgetti.

6.      By and after June 24, 2011, except as provided for herein, Giorgetti will change its name under which it is doing business so as not to include the term "GIORGETTI," alone or in combination with other terms, or any confusingly similar variation thereof. Giorgetti shall be

3

allowed to keep its corporate name "Giorgetti's, Inc.," so long as the infringing term "GIORGETTI'S," or any formative thereof, is used only as a corporate name for legal or tax purposes and is not promoted, advertised or presented to the public in any commercial manner. If federal, state or local government entities (including health departments) require that the corporate name be indicated in the promotion, advertising or delivery of its goods/services, then Giorgetti's corporate name must be changed to an acceptable non-fringing name, pre-approved by Georgetti. Giorgetti will change its name under which it is doing business to "George's Pizza," and Georgetti has no objection to this new name.

7.      Notwithstanding the above provisions, through and only until July 8, 2011, Giorgetti shall be permitted to use the phrase "*formerly known as Giorgetti's Pizza*," or a comparable phrase approved in advance by Georgetti at Georgetti's sole discretion, in connection with and appearing in conjunction with, but less prominent than, Giorgetti's new name. Giorgetti's can use the current awning at its Three Oaks' location, until July 8, 2011. After July 8, 2011, except for its permitted corporate name, Giorgetti shall immediately cease and desist from any and all permitted use of the name and mark "GIORGETTI" whatsoever, including the use of the phrase "*formerly known as Giorgetti's Pizza*" or any approved comparable phrase, and will not use, reproduce and/or distribute any Material having any such permitted use of the name and mark "GIORGETTI" and will destroy the remainder of the same. After July 8, 2011, Giorgetti will not use "Giorgetti's Pizza," alone or in combination with other terms, or any confusingly similar variation thereof, on any awning at any location, including its Three Oaks' location.

8.      Georgetti agrees that it shall waive all claims of damages against Giorgetti for any past service mark infringement resulting from the unauthorized use by Giorgetti of the mark

4

"GIORGETTI," "GIORGETTI'S PIZZA" and/or "GIORGETTIS.COM" only if the conditions ⸱ this Agreement are met and this Agreement remains in force.

9.    This Agreement sets forth all the terms and conditions of settlement with respect t this dispute, there being no oral agreements or other writings which in any way modify or contradic the terms hereof. Modifications hereof shall be in writing, to be signed by the party upon which an obligation is placed.

10.    Any proceeding for violation of this Agreement shall be filed in the United States District Court for the Northern District of Illinois, and the parties agree to federal, subject matter and/or in personam jurisdiction therein. Giorgetti understands and acknowledges that any breach in violation of this Agreement may cause Georgetti irreparable harm, the amount of which may be difficult to ascertain, and therefore agrees that Georgetti shall have the right to seek specific performance and/or an order restraining and enjoining any such further breach and for such other relief as Georgetti shall deem appropriate. Such right of Georgetti is to be in addition to the remedies otherwise available at law or in equity. Giorgetti expressly waives the defense that a remedy in damages will be adequate, and any requirement in an action for specific performance or injunction for the posting of a bond by Georgetti.

11    In the event a lawsuit is filed to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and interest.

12.    This Agreement shall be construed in accordance with and be subject to the laws of the State of Illinois, and any provision found to in any way violate said laws shall be considered void and the remaining terms of this Agreement shall be enforced as if the offending provisions had not been included.

5

13.     This Agreement is binding upon the parties hereto, and their parent, affiliates, successors, assigns and on the parties respective owners, officers, agents, representatives, servants, employees, associates, attorneys, their successors and assigns, and all persons acting by, through, under or in active concert or participation with them. The person signing on behalf of each party represents that he or she has the right and power to execute this Agreement.

14.     This Agreement may be signed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. The parties hereto confirm that any facsimile copy of another party's executed counterpart of this Agreement (or its signature page thereof) will be deemed to be an executed original thereof.

IN WITNESS WHEREOF, the parties have signed and entered this Agreement effective as of the earliest date written below.

CLUB GENE & GEORGETTI L.P.

Name:
Title: _President_
Date: _6/24/2011_

GIORGETTI'S, INC.

Name: DAVE ABELL
Title: PRESIDENT

Date: 6/23/11

6

Exhibit 3

## DECLARATION OF RICHARD CIOTA

I, Richard Ciota, do hereby declare as follows:

1. I am a U.S. citizen, over the age of 21, and a resident of Northbrook, Illinois. I have personal knowledge of the following facts and the attached photographs, and if called as a witness, I could and would testify competently thereto.

2. I am employed by Club Gene & Georgetti, L.P. at 500 N. Franklin, Chicago, Illinois. I have been General Manager of the world famous Gene & Georgetti's restaurant for the past eighteen (18) years.

3. As part of my duties and responsibilities as General Manager, I am aware of the facts and situations regarding Gene & Georgetti's trademarks and other intellectual property, including any infringement situations involving the famous GEORGETTI name. I confer regularly with our intellectual property attorneys as to the facts, situations and status of enforcement actions against infringers.

4. I learned in the fall of 2010 of an infringer called GIORGETTI'S, INC. in Three Oaks, Michigan. The owners and I, as General Manager of Gene & Georgetti, instructed our intellectual property counsel to send a cease and desist letter to GIORGETTI'S in Three Oaks, Michigan to halt the use of the infringing name GIORGETTI'S.

5. After many months and many thousands of dollars expended in legal fees, a settlement agreement was reached to halt the infringement. I was involved with and am fully aware of the negotiations of various provisions of the agreement which was effective on June 23, 2011.

6. This settlement agreement has very specific provisions regarding the ceasing and desisting of the infringing use of GIORGETTI'S. The agreement provided at paragraph nos. 4-7 that GIORGETTI'S would cease from all use of GIOREGTTI'S, except for use only as a corporate name for legal or tax purposes (so long as it is not promoted, advertised or presented to the public in any commercial manner) no later than June 24, 2011. GIORGETTI'S was further permitted to use "formerly known as Giorgetti's Pizza" and to use its existing awning through and only until July 8, 2011.

7. On September 3, 2011, I learned from a good customer of Gene & Georgetti's, Mr. Alan Freeman, that GIORGETTI'S was still using an awning with GIORGETTI'S PIZZA broadly displayed across the front of the restaurant at 28 North Elm St. in Three Oaks, Michigan. He even sent us a photograph that clearly showed that GIORGETTI'S did not change its awning after July 8, 2011 as per the Settlement Agreement.

8.  Needless to say we were outraged by GIORGETTI'S continued infringement, after all the negotiations on ceasing the infringing use over two (2) months before, and even special provisions regarding the removal of the awning with GIORGETTI'S after July 8, 2011.

9.  We immediately contacted our intellectual property attorneys who sent a notice of breach of the settlement agreement and of impending litigation for this breach and for their continued trademark infringement, as it was obvious GIORGETTI'S just ignored the settlement agreement. Our attorneys even gave them a few days to correct their breach of the settlement agreement, but only until noon on Sept 9, 2011.

10. On September 9, 2011, at approximately 1:30pm CST I drove to 28 North Elm Street in Three Oaks, Michigan to see if GIORGETTI'S had complied. Much to my amazement, the awning had only been reversed, with GIORGETTI'S PIZZA clearly visible from the sidewalk and probably from inside the restaurant as well. As evidence of the awning still being visible to customers and the public as they walked down the sidewalk, I took the photograph attached as Exhibit A.

11. Furthermore, much to my surprise, I saw that there was a neon sign lit in the window that said "GIORGETTI'S PIZZA 756-9919" (See my photographs attached at Exhibits B, C & D) I just could not believe my eyes! I knew the settlement agreement at paragraph nos. 4-7 called for all use, including the permitted use (except as a corporate name for legal or tax purposes so long as it is not promoted, advertised or presented to the public in any commercial manner), to have ceased and desisted after July 8, 2011.

12. I then looked up and saw on the building's exterior at 28 North Elm St., Three Oaks, Michigan, a full exterior "GIORGETTI'S" sign jutting out from the building (See photographs Exhibits E & F). I took those photographs and immediately called our intellectual property attorneys to inform them that GIORGETTI'S had absolutely ignored and breached the entire settlement agreement we entered into back on June 23, 2011.

13. On September 11, 2011 at approximately 1:30pm, I again drove by 28 North Elm St., Three Oaks, Michigan, and observed that nothing had changed, the awning was still up and just reversed, the neon sign was still in the window and the exterior sign on the building's exterior was still in place as it was two days before on September 9, 2011.

14. I was absolutely livid to learn and see firsthand that the awning had only been turned around but was still visible to the public, the blatant neon sign was lit in the window, and the large sign on the exterior of the building—all still using GIORGETTI'S! After month after month of back and forth negotiations by our intellectual property lawyers and spending thousands of dollars in legal fees, this was the result!

15. I am not a lawyer, but having managed for eighteen (18) years one of the most famous restaurants in the world, I think Gene & Georgetti should not only have this blatant infringement of their famous GEORGETTI trademark immediately halted by the Court, but also awarded damages and all of its attorneys' fees and costs as provided by the settlement agreement.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ILLINOIS AND THE UNITED STATES OF AMERICA THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.

**EXECUTED on September** $\underline{30}$ **, 2011 in Chicago, Illinois.**

**Richard Ciota**

Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLUB GENE & GEORGETTI, L.P.,

        Plaintiff,

v.

GIORGETTI'S, INC., et al.,

        Defendants.

_____/

Hon. Gordon J. Quist

Case No. 1:12-mc-00034

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Compel Proper and Adequate Production of Subpoenaed Documents, to Pierce the Corporate Veil and Sanctions (Dkt. 2) and the report and recommendation issued by Magistrate Judge Ellen S. Carmody regarding that motion.

      IT IS HEREBY ORDERED that the report and recommendation is adopted, and Plaintiff's Motion to Compel Proper and Adequate Production of Subpoenaed Documents, to Pierce the Corporate Veil and Sanctions (Dkt. 2) is granted in part and denied in part.

      IT IS FURTHER ORDERED that David Moll, as owner of Giorgetti's, Inc., is ordered to provide all extant documents requested in the subpoena within 14 days of the date of this order.

      IT IS FURTHER ORDERED that, within 14 days of the date of this order, David Moll shall submit a detailed compliance report to the court regarding whether each category of document exists and, if so, his efforts to locate all documents not yet provided.

      IT IS FURTHER ORDERED that David Moll, individually and as owner of Giorgetti's, Inc., take affirmative action to assure that the domain name giorgettis.com is transferred to plaintiff no longer than 14 days from the date of this order.

IT IS FURTHER ORDERED that the issue of plaintiff's motion for sanctions is denied without prejudice at this time, pending refiling after David Moll, individually and as the owner of Giorgetti's, Inc., has submitted his compliance report.

FINALLY, IT IS ORDERED that Giorgetti's, Inc. is deemed the alter ego of David Moll, as it is a mere instrumentality to conduct David Moll's business.

Dated:  November 28, 2012                         /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE